UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHARIFFA SMITH,

                          Plaintiff,        **COMPLAINT & JURY DEMAND**

-against-

                                             14 CV 2935

THE CITY OF NEW YORK,
THE NEW YORK CITY POLICE DEPARTMENT,
POLICE OFFICER ANIL TAGERAM, SH# 28444
POLICE OFFICER DONALD SADOWY, SH# 13497
JOHN/JANE DOES #1-4,

                          Defendants.

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of her rights secured by 42 USC § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claim arises from an incident on May 10, 2011, when Officers of the New York City Police Department ("NYPD"), acting under color of law, intentionally and willfully violated the constitutional rights of the plaintiff.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants, as well as an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC § 1331, 42 USC § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff Shariffa Smith ("Ms. Smith") is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. All other individual defendants ("the Officers") are employees of the NYPD and are sued in their individual and official capacities.

9. The true names and capacities of John/Jane Does are presently unknown to the Plaintiff.  Plaintiff believes, and based upon such belief alleges, that each of said John/Jane Does have responsibility for the damages suffered by the Plaintiff.  Leave of court will be sought to amend this complaint to include the true names and capacities of the John/Jane Does, and any other responsible person or entity as soon as such information becomes known to the Plaintiff

10. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. On May 10, 2011, at approximately 8:30 P.M., at or near the intersection of Sutter Avenue and Chester Street, defendants arrested Ms. Smith, without probable cause or reasonable suspicion.

12. Defendants seized Ms. Smith and removed her to the 73rd Precinct Stationhouse.

13. Defendants detained Ms. Smith at the 73rd Precinct Stationhouse for a period.

14. Defendants issued Ms. Smith a Desk Appearance Ticket ("DAT").

15. Pursuant to the DAT, Ms. Smith was commanded to appear in Kings County Criminal Court on June 20, 2011, to be arraigned.

16. Ms. Smith was arraigned on June 20, 2011 under docket number 2011KN047964.

17. Under docket number 2011KN047964, Ms. Smith was charged with violations of Penal Law sections 221.10(1) (Criminal Possession of Marijuana in the Fifth Degree) and 221.05 (Unlawful Possession of Marijuana).

18. On or about September 13, 2013, all charges were dismissed.

19. Prior to and including May 10, 2011, the City and its Police Department developed and maintained policies or customs that fostered deliberate indifference to the Fourth Amendment rights of persons in New York City. Such policies enabled the violation of plaintiff's rights.

20. As a result of these policies and customs, the defendant officers believed that their actions would not be monitored properly by supervisory officers and that their misconduct would not be investigated or sanctioned, but would be tolerated.

21. Prior to August 8, 2011, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof was duly served on the claimant's behalf on the Comptroller of the City of New York.

22. Thereafter, said Comptroller for the City of New York refused or neglected for more than thirty (30) days and up to the commencement of this action to make any adjustment or payment thereof

## **DAMAGES**

23. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of her rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of her person;

    b. Violation of her right to Due Process of Law under the Fourteenth Amendment to the United States Constitution;

    c. Physical pain and suffering;

    d. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience and anxiety.

## **FIRST CAUSE OF ACTION**
(42 USC § 1983)

24. The above paragraphs are here incorporated by reference.

25. Defendants acted under color of law and conspired to deprive plaintiff of her civil, constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 USC § 1983.

26. Plaintiff has been damaged as a proximate result of defendants' wrongful acts.

## JURY DEMAND

27. Plaintiff demands a trial by jury.

## RELIEF DEMANDED

28. Plaintiff petitions this Court to:

    a) Award compensatory damages to plaintiff against the defendants, jointly and severally;

    b) Award costs of this action to the plaintiff;

    c) Award Attorney Fees to Plaintiff's Counsel pursuant to 42 U.S.C. 1988

    d) Award such other and further relief, as this Court may deem appropriate.

Dated: Brooklyn, New York
       May 8, 2014

                Respectfully submitted,

                STEVEN HUBERT, ESQ.
                *Attorney for Shariffa Smith*
                26 Court Street, Suite 1013
                Brooklyn, New York 11242

## PLAINTIFF'S VERIFICATION

STATE OF NEW YORK )
                                )ss:
COUNTY OF KINGS )

SHARIFFA SMITH, being duly sworn, says that she is the plaintiff in the foregoing Complaint and that the foregoing Complaint is true to her own knowledge, except as to matters therein stated alleged to be on information and belief and as to those matters she believes them to be true.

_____
SHARIFFA SMITH

---

NOTARY OATH

State of New York, County of Kings:

On May 8th, 2014, before me, the undersigned, personally appears Shariffa Smith, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and who acknowledged to me that she executed the same in her capacity and that by her signature on the instrument, she executed the instrument.

_____
NOTARY PUBLIC

[Notary stamp: NOTARY PUBLIC, State of New York, No. 03HU... 1210, Qualified in Nassau County, Commission Expires January ...18]